# Order

Michigan Supreme Court
Lansing, Michigan

October 1, 2010

141052

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,
        Plaintiff/
        Counter-Defendant/Appellant,

v

CHRISTOPHER SNEDEN,
        Defendant,
and

TABER McCOMISKEY, Guardian for Julie M.
McComiskey, TABER McCOMISKEY, Personal
Representative of the Estate of Taylen
McComiskey, and TABER McCOMISKEY,
        Defendants/
        Counter-Plaintiffs/Appellees.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 141052
COA: 285265
Allegan CC: 07-041581-NI

On order of the Court, the application for leave to appeal the March 30, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from the denial order. The Court of Appeals' interpretation of who qualifies as an "insured person" under the automobile insurance policy at issue is not a reasonable interpretation. Accordingly, I would reverse the judgment of the Court of Appeals and reinstate the decision of the trial court.

Section 1(d) of the policy defines "insured person" as "you with respect to an accident arising out of the maintenance or use of any vehicle with the express or implied permission of the owner of the vehicle." An insurance policy, like any other contract, must be read as a whole, and its phrases given contextual meaning. *Henderson v State Farm Fire and Casualty Co*, 460 Mich 348, 356 (1999). As the trial court explained, a

contextual reading of the above provision naturally leads to the following interpretation: "'you with respect to an accident arising out of the . . . use of any vehicle. . .' clearly requires that 'you' be *using* 'any vehicle.'"

The conclusion that "you" — the insured defendant Sneden — must be driving, or "using," any vehicle in order to fall within the policy's terms is determinative in this case. The parties agree that the commercial milk truck that defendant was driving at the time of the accident was not a "vehicle" within the policy's express definition of that term, a milk truck exceeding the weight limit of a covered vehicle. And although it is equally without dispute that the *victim*'s Ford Contour was such a "vehicle," which she was using "with the express or implied permission of the owner of the vehicle," this fact is irrelevant when §1(d) is given its most reasonable and obvious meaning. As the trial court also observed, "insurance agreement limitations *place limits on the insured's vehicle, not the vehicle of whomever they happen to hit*." Quite simply, why would plaintiff, or any insurer for that matter, ever be focused upon whether the *other driver*, with whom its insured happened to collide, had permission to use that "vehicle?" Insurance policies are written with the *insured's* vehicle in mind, not with the vehicle with which the insured serendipitously happens to come into *contact*.

By the logic of the Court of Appeals' interpretation, plaintiff would be equally liable under its policy if Sneden had been walking or flying an airplane and caused damage to another vehicle with which he happened to come into contact. Such an interpretation, in my judgment, is utterly unreasonable, and therefore I would reverse the Court of Appeals.

CORRIGAN, J., joins the statement of MARKMAN, J.

DAVIS, J., not participating. I recuse myself and am not participating because I was on the Court of Appeals panel in this case. See MCR 2.003(B).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 1, 2010

_Corbin R. Davis_
Clerk

0928